Case 19-10237    Doc 20    Filed 09/06/19    Entered 09/06/19 16:27:29    Desc Main
Document      Page 1 of 5

FILED
U.S. Bankruptcy Court
Western District of NC

SEP 06 2019

Steven T. Salata, Clerk
Asheville Division
CET

Case No# 19-10237

9/6/2019

Motion To The Court & Hearing

On 9/6/2019, Eden Chambless and Sean Edmond are asking for a hearing to change exempt property - increased life insurance on Schedule C to 270,000 (since Sean is changing employers) and we are asking for our case to NOT Be Discharged until a reaffirmation agreement is filed by AIS Portfolio Services, LP and a car reaffirmation agreement is signed and completed by all parties and approved by a judge.

Eden Chambless    9/6/2019

Case No# 19-10237                              9/6/19

Notice of Hearing, there will be a hearing on these matters October 3, 2019 at 10:00AM at 100 Otis Street, Asheville NC 28801, main courtroom.

Eden Joy Chambliss

I will notify by US mail + email:

A. AIS Portfolio Services, LP & Capital One Auto Finance
   4515 N Santa Fe Ave
   Oklahoma City, OK 73118

B. John Taylor
   4600 Park Road Suite 420
   Charlotte NC 28209

Form B2400A - Reaffirmation Agreement(Cont.)    File # 1257652    Page 9

*Eden Chambliss + Joseph Cox Are Requesting A Court Hearing for the Toyota IA Yaris 2018 Reaffirmation Agreement*

## VI. MOTION FOR COURT APPROVAL

*[To be completed and filed only if the debtor is not represented by an attorney in negotiating the reaffirmation agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because *(provide any additional relevant reasons the court should consider)*:

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

[✓]    11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during course of the negotiation of the reaffirmation agreement)

[ ]    11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B2400A, Reaffirmation Documents)

Signed:  *Eden J Chambliss*
Eden J Chambliss

*X _____* (Joint co-spouse)
Joint Debtor, if any

Date: 8/7/2019

* This form B2400A has been modified by AIS Portfolio Services, LP in conformance with FED. R. BANKR. P. 4008 and compliance with 11 U.S.C. § 524(c). This Form B2400A, as modified, is substantially similar to Official Form B2400A

Form B2400A - Reaffirmation Agreement(Cont.)    File # 1257652    Page 7

# V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I) and these additional important disclosures and instructions.

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

A.    DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this reaffirmation agreement be effective?**

    If you *were represented* by an attorney during the negotiation of your reaffirmation agreement

    i. **if the creditor is not a Credit Union,** your reaffirmation agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship in which case the agreement becomes effective only after the court approves it.

    ii. **If the creditor is a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. **If you *were not represented* by an attorney during the negotiation of your Reaffirmation Agreement,** the reaffirmation agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your reaffirmation agreement.