Date: 9/9/2019

Case: 19-10237

**FILED**
Clk, US Bankruptcy Court
SEP - 9 2019
WDNC, Asheville, NC

## Motion To Extend Car Reaffirmation Agreement Filing On The Toyota Yaris IA 2018

The Debtors, Eden Joy Chambliss and Sean Patrick Edmond, request a motion to extend the filing of a car reaffirmation agreement (filing extension requested until the agreement is properly executed and filed by AIS with the Federal Bankruptcy Court, Western North Carolina and a hearing is held on Oct 8, 2019 at 10:00 AM with court reviewing and determining approval of the aformentioned car reaffirmation agreement), with the original creditor Capital One Auto Finance and the managers of this account AIS Portfolio Services, LP, 4515 N Santa Fe Avenue, Oklahoma City, OK 73118.

The debtors properly executed and signed the agreement on August 07, 2019, but AIS failed to inform the debtors that a { } check box of Presumption of No Presumption is incomplete on Page 3 of the Reaffirmation Agreement. The debtor, Eden Joy Chambliss, became aware of this upon calling AIS on September 6, 2019. She completed the Page 3 check box and returned the document along with forwarding it to AIS on September 9, 2019.

The debtors do not want the debt discharged on September 16, 2019, and we are requesting a hearing on

Oct 8, 2019 - 100 Otis Street, Asheville NC 28801

_____ to have this debt reaffirmed.

The debt is reasonable and necessary since we will only have one vehicle, which is needed for work-related purposes for the both of us.

Eden Joy Chambliss
Debtor

10:00 AM Hearing

Date: 9/9/2019
Case: 19-10237

Hearing Notice: Reaffirmation Agreement

A Federal Bankruptcy Court Hearing will be held on Oct 8, 2019 at the following location 100 Otis Street, Asheville, NC 28801 in reference to _____.

The following parties are notified of the hearing as of the filing of this document and with court approval.

AIS Portfolio Services, LP
% Capital One Auto Finance
4515 N Santa Fe Avenue
Oklahoma City, OK 73118

John Taylor Law Firm
4600 Park Road, Suite 420
Charlotte, NC 28209

Form B2400A - Reaffirmation Agreement(Cont.)    File # 1257652    Page 7

## V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I) and these additional important disclosures and instructions.

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

A.    DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this reaffirmation agreement be effective?**

    If you *were represented* by an attorney during the negotiation of your reaffirmation agreement

    i. if the creditor is not a Credit Union, your reaffirmation agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship in which case the agreement becomes effective only after the court approves it.

    ii. if the creditor is a Credit Union, your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. If you *were not represented* by an attorney during the negotiation of your Reaffirmation Agreement, the reaffirmation agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your reaffirmation agreement.